CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 03 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT DAVID HAGA,<br>    Plaintiff, | Civil Action No. 7:16-cv-00216 |
| v. | **MEMORANDUM OPINION** |
| NEW RIVER VALLEY REGIONAL<br>JAIL, et al.,<br>    Defendants. | By:  Hon. Michael F. Urbanski<br>       United States District Judge |

Robert David Haga, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming the New River Valley Regional Jail ("Jail") and Jail Superintendent Charlie L. Poff as defendants. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, the court dismisses the complaint as frivolous.

Plaintiff sues via § 1983 because he allegedly was not given free copies of his medical file kept at the Jail. The court must dismiss an action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to

assume the role of advocate for a pro se plaintiff). Plaintiff cannot succeed in suing the Jail or Superintendent Poff via § 1983 merely because he did not receive free copies of his medical file, allegedly in violation of Virginia's Freedom of Information Act. See, e.g., Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) (reasoning jails are not "persons" for § 1983 litigation). Because Plaintiff pursues indisputably meritless legal theories against the defendants, the complaint is dismissed as frivolous.

**ENTER**: This ___3rd___ day of August, 2016.

/s/ Michael F. Urbanski
United States District Judge